# In re Rafael ULLOA, Respondent

## File A24 083 421 - New York

*Decided May 24, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Immigration Judges have jurisdiction to grant a waiver of inadmissibility under section 213 of the Immigration and Nationality Act, 8 U.S.C. § 1183 (Supp. II 1996), and are required to advise an alien found to be inadmissible as a public charge under section 212(a)(4)(B) of the Act, 8 U.S.C. § 1182(a)(4)(B) (Supp. II 1996), of his or her right to apply for a waiver.

Michael Amezquita, Esquire, New York, New York, for respondent

Mara Rafla-Hatzimemos, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: SCHMIDT, Chairman; VACCA and VILLAGELIU, Board Members.

VACCA, Board Member:

In a decision dated October 17, 1997, an Immigration Judge found the respondent deportable as charged and denied the respondent's application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1994 & Supp. II 1996). The respondent's appeal from that decision will be sustained and the record will be remanded for further proceedings.

The respondent, a native and citizen of the Dominican Republic who was granted lawful permanent resident status in 1980, was charged with deportability under section 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C) (1994), for being convicted of criminal possession of a firearm. He applied for adjustment of status based on an approved visa petition filed by his United States citizen daughter. Although the respondent's conviction did not make him inadmissible under the Act, the Immigration Judge determined that the respondent is likely to become a public charge and is therefore inadmissible under section 212(a)(4)(B) of the Act, 8 U.S.C. § 1182(a)(4)(B) (Supp. II 1996).

On appeal, the respondent attacks the Immigration Judge's decision on substantive grounds. However, we decline to address these arguments at present, as he has also pinpointed what we believe is a procedural error. Specifically, the respondent argues that the Immigration Judge failed to inform him of his right to apply for a waiver of inadmissibility under section 213 of the Act, 8 U.S.C. § 1183 (Supp. II 1996). Having reviewed the pertinent statutory and regulatory language, we agree.

Pursuant to regulation, an Immigration Judge must inform an alien of his or her eligibility for certain forms of relief from deportation. 8 C.F.R. § 242.17(a) (1997) (stating that an Immigration Judge "*shall* inform the respondent of his or her apparent eligibility to apply for any of the benefits enumerated in this paragraph" (emphasis added)). Specifically, the regulations state as follows:

> [I]n conjunction with any application for creation of status of an alien lawfully admitted for permanent residence made to an Immigration Judge, if the respondent is inadmissible under any provision of section 212(a) of the Act and believes that he or she meets the eligibility requirements for a *waiver of the ground of inadmissibility*, he or she may apply to the Immigration Judge for such waiver.

*Id.* (emphasis added).[1]

For cases involving section 212(a)(4)(B) of the Act, a discretionary waiver is provided "upon the giving of a suitable and proper bond or undertaking approved by the Attorney General, in such amount and containing such conditions as [s]he may prescribe." Section 213 of the Act. We agree with the respondent that the Immigration Judge failed to advise him of his right to apply for such a waiver.

In opposition to the respondent's appeal, the Immigration and Naturalization Service argues that the respondent is not eligible for a waiver under section 213 because this section does not apply to him. According to the Service, this is because the Immigration Judge has no authority to apply this section to the respondent.

We first note that the Service has completely failed to offer any legal support for its argument. Secondly, we find that the regulations specifically give Immigration Judges the authority to grant or deny an alien a waiver of inadmissibility under section 213. Although the Act specifically refers to the Attorney General, who may then delegate her power to the Immigration Judges, the regulations provide the following:

---

[1] We note that recent legislative changes to the Act required that this regulation be altered to address the *removability* of aliens. *See* 8 C.F.R. § 240.11(a)(2) (1999). As the respondent is subject to *deportation* proceedings held in 1997, these new regulations do not apply. Nevertheless, the requirements of both regulations are similar.

> The district director having jurisdiction over the place where the examination for admission is being conducted or *the special inquiry officer* to whom the case is referred may exercise the authority contained in section 213 of the Act.

8 C.F.R. § 213.1 (1999) (emphasis added). Despite the fact that the regulations have not kept up with current immigration terminology, it is well known that the term "special inquiry officer" has been replaced with "Immigration Judge." *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 371(b), 110 Stat. 3009-546, 3009-645 ("IIRIRA"). Therefore, it is clear that the Immigration Judge does have jurisdiction to grant a waiver of inadmissibility under section 213 of the Act and should have informed the respondent of his right to request such a waiver. Accordingly, the appeal will be sustained and the record of proceedings will be remanded in order to allow the respondent to apply for a waiver of inadmissibility under section 213.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with this order.